We'll call our next case. This is U.S. v. Vallejo and U.S. v. Morales. Good morning, Your Honors. May it please the Court. Julie McGrain, Assistant Federal Public Defender, on behalf of Appellants Francisco Morales and Carlos Vallejo. If I could please reserve three minutes for rebuttal? Yes. Thank you. These consolidated appeals present a question of eligibility for relief under Section 404 of the First Sentencing Act. The district court in this case made eligibility determinations, ineligibility determinations for both appellants on different grounds. The court also made an alternative ruling on an abuse of discretion, and then Mr. Vallejo's case presents another question regarding whether or not there is a waiver of the right to seek relief in this case. Yep. There are some complicated questions, but I was wondering whether it's not a pretty simple case, and maybe you can help me out with this. In both instances, and my understanding is that these were represented by the same counsel effectively, right, and so very similar arguments being made in the reply briefs particularly, that in both these instances, the district court said, even if I'm wrong about all this other stuff, if I'm weighing the 3553A factors here, I'm coming out at the same place because I have discretion, and I exercise that discretion, and under the First Step Act, if I could, if you were eligible, and I thought I could give you a break, I wouldn't give you a break because you are a very bad actor for all the reasons that were laid out when you were first sentenced, or when you got the benefit of some earlier resentencing. Why doesn't that end the case? If we know that the district court has issued an alternative holding, if we answered all those other questions, why wouldn't all that just be dicta because the district court said, in the end, your sentence would be the same? Your Honor, because what this court has done in previous 404 cases has been when legal error infected the court's exercise of discretion under 3553A, the procedure has been to remand. Well, when you say has infected, you're making an assumption there. I think what the district court was saying, or I understood the district court judge to be saying is, regardless of all those other questions, this is what I would do. It's not a matter of being infected by it. It looks like an alternative holding where the court's saying, I understand all this. I get it that these may be even hard questions, but at the end of the day, even if I thought that the defender was right about everything, your sentence would be exactly the same. How is that an infected ruling and not just an alternative holding that tells us, well, those may be important questions, but they got to wait for another day because these people have no claim. They would end up exactly in the same spot. Sure. So, in this particular exercise of discretion, the whole purpose of Section 404 of the First Amendment is to appeal relief for people who did not have the opportunity to appeal for the benefit of the Fair Sentencing Act statutory changes. Here, the district court never even looked at the statutory changes. What it said was that the guidelines are what matter, and because the guidelines did not change in this case, that there was no problem. Was that what the district court said? Because when I read the district court's work, it got in a lot more than that. It said, look, I know you've worked, for example, as to Mr. Palleo, I know you've worked on acknowledging the seriousness of your offense. I see your rehabilitative steps. But listen, you're a central figure in a far-ranging and sophisticated drug trafficking organization. This is how much money there was involved. I'm concerned about statistical anomalies if I gave you a further break. It didn't sound to me like you just said, ah, the guidelines, we're done. It looks like the judge was doing just what we want judges to do under the 3553A factors. In both Jackson and Hardwick, this court said where legal error was part of the district court's exercise of discretion under 3553A, that the potential, that that legal misunderstanding affected the 3553A analysis. And that's our position here, is that that legal error impacted. The court can't just look at some of the 3553A factors. It needs to consider all of them. One of the things that the court has to consider is the nature and seriousness of the offense. And the court said, the district court said, defendant raises no new fact cognizable under 3553A to challenge the seriousness of the offense. Mr. Vallejo did. He raised the fact that on count four, his statutory range should have been five years to 40 instead of 10 to life. So the court understood that. I guess if we read this the way you're suggesting we read it, you'd be saying, oh, the district court just completely misunderstood. Why isn't a perfectly logical way to read that is, he's not talking about legal facts. The district court is talking about historical facts. The historical fact that you helped run a massive drug ring that poisoned Camden for years and flooded the streets with cocaine. And that's a real serious offense. And the fact that Congress saw fit to open the door for reductions, the fact that sentencing guidelines were adjusted at some point to make account of that, those are real. But why can't you read that and say, he's not talking about legal shifts. He's talking about historically what these people did. The seriousness of the offense in that context. That was part of it. But when the district court said there's nothing you can point to, the real problem in Mr. Vallejo's case is that the district court had multiple opportunities to recognize these statutory changes. Could have certainly done that at the 2018 resentencing and applied the same incorrect statutory range or potentially incorrect statutory range there. Makes the same mistake again and keeps talking about the guidelines. And for example, the court says a further sentence reduction would result in disparity with similarly situated defendants because the recalculated guideline range doesn't show any change. And the court kept referring. So it's this idea that the district court's singular focus, yes, the court said this was a bad offense. But that's likely for anyone who commits a drug trafficking offense where they're subject to a mandatory minimum sentence. And so what the opportunity was in this particular circumstance, what 404 gave defendants is the opportunity to come back and say, maybe at the time that my sentence was indicted back in, my case was indicted back in 2008, the government might have done something differently had we known what we know about the seriousness. What was the point you think that the district court was trying to achieve by explicitly saying, if I'm wrong about all these other things, if I'm just wrong about them all, I'm just telling the whole world, including the Court of Appeals, it wouldn't matter because if I accepted everything that was being argued to me by the defense, I'm telling you this is the sentence of imprisonment I think is right for this defendant. When I look at 3553A and I think it through, this is the amount of time this guy ought to do for this crime, exercising my discretion. Was there any point to that if, in fact, we were to say, well, you didn't mention this one thing under 3553A, and therefore you must have been confused about this other issue over here. Or was the district court very deliberately trying to insulate the ruling by saying, I'll give you everything. I'm just telling you, under my discretionary power, I would come out exactly at this spot. I don't think that we can tell from this record what the court was trying to do in this. I don't know how it could have been any clearer, Ms. McGrain. Because the court made multiple mistakes in focusing on the guidelines. This court remanded in Hardwick when the district court's sole focus was on the guidelines. This court remanded in Jackson when there was the potential that a legal error infected the 3553A analysis. That's your real argument. Your real argument, I guess, is, okay, even though he was assuming he was wrong on everything, he was wrong in the 3553A way. That's correct. And that's the real problem. It's got to go back for that reason. That is correct. And what was, help me again, what was it he got wrong with respect first to Mr. Vallejo and then as to Mr. Morales? Because they got very different backstories. On the eligibility question? On any question. Yeah. So on the eligibility question, the court said that neither one of them were eligible for resentencing under 404 because they had previously gotten the benefit of the Fair Sentencing Act's changes. The government concedes in Mr. Morales' case that the court was wrong because the First Step Act implemented the statutory changes to the Fair Sentencing Act, sections two and three. Mr. Morales got the benefit of the guideline changes but never of those statutory changes. Regarding Mr. Vallejo, he was resentenced on a 2255 in August of 2018 before the First Step Act went into effect. At that time, he was resentenced. The parties agreed in the pre-sentence report, the district court accepted that his statutory ranges had not changed. And that was an error and everybody knows it. Correct. All right. Can you explain how the error... I have to say, I read the transcript the way Judge Jordan does, which is that the court said, I'm going to bracket the eligibility question. I grant you that. If I'm wrong under 3553, this is still how I'm going to come out. How was that 3553 analysis, as you say, infected by the previous error? I don't understand that infection concept. So when the court was evaluating the 3553A factors, it focused on the seriousness of the offense and it focused on the... Acknowledged some rehabilitation but said it wasn't enough. But enough to overcome the district court's error in the eligibility determination. Because, again, the seriousness of the offense, the court referenced that and said there were no material changes. But there were because the statutory range on one of the counts changed. That reflected Congress' broad desire to remedy historical racial discrimination and other wrongs. And the court just never... It never mentioned the statutory changes ever. So it failed to consider that as part of the 3553A analysis. And that... It appears that that was because it made this eligibility determination. There was never any recognition of the fact that a statutory range had changed. So you're saying that because he didn't mention the change in statutory... It necessarily meant he was confused about it. It necessarily meant his 3553A analysis was infected and therefore cannot stand. When he didn't mention it, when he said there were no new change circumstances, when he said because the guidelines didn't change, that is the... The guidelines didn't change. That's a separate issue, right?  That's a separate issue, right? Yes. But again, because of Hardwick and Jackson and this court's... The way that this court has acted in other cases... You've acknowledged that in other circumstances where... I mean, in both reply briefs you say, ordinarily when a district court does this, that means there's harmless error. Why is this case so different? Because of... Because of the eligibility question? Because of the eligibility question primarily. Because the statutory ranges did change and there was just zero indication that the court recognized or... When we have cases where they're wrong about the guidelines or something like that and they say, but you know what, no matter what, this is what I'd be giving you, that's the case you're talking about where you say, ordinarily we'd say that's harmless error, right? Correct. And, Your Honor, I think there has to be a distinction between the regular sentencing cases and an original sentencing where we're talking about procedural and substantive reasonableness review. And this is a separate... This is abuse of discretion generally in 404, which is just a unique type of resentencing. I don't think the same standards apply. Okay. Thanks very much, Dr. Green. Thank you. We'll have you back on rebuttal and we'll hear from the government. Good morning, Your Honors. Jane Ditill on behalf of the United States. I'll start with the 3553A question. The 3553A analysis in this case is analytically distinct from the eligibility decision. The error at eligibility had to do with the interpretation of Section 404C of the First Sentencing Act. I don't know why you're conceding that's error. I'm looking at 404C. If the sentence was previously imposed or previously reduced in accordance with the amendments made by Sections 2 and 3 of the First Sentencing Act. Now, previously imposed has to mean something different or more than previously reduced or at surplus. Why isn't it this sentence was imposed afterwards? It was consistent with that statute. Why isn't that enough? I'm sorry, Your Honor. We do not concede that the sentence, that 404C does not apply to Mr. Vallejo. We... But for Morales, you do. Well, our concession of error is, for Morales, we do concede the error because for Mr. Morales did not receive a post-FSA resentencing. He didn't receive a reduction. He did. He received a reduction based on the new guidelines. Right. And because Section 404C says in accordance with Sections 2 and 3 of the Fair Sentencing Act and not, I believe it's Section 8, which deals with the guidelines changes, we have conceded that, and it's our position, that the reductions based on the guidelines changes do not disqualify a defendant for a further FSA reduction under the Fair Sentencing Act. Okay. And why is the government reading it that narrowly? I think because, you know, in our view, it's not so narrowly. It's simply that the statute says that the reduction or the imposition of sentence must have been in accordance with the statutory changes. And if you look at Sections 2 and 3 of the Fair... I'm sorry, the first section... It doesn't require a reduction. It requires an imposition. Here it was imposed. In Mr. Vallejo's case, yes, it was imposed in accordance with the Fair Sentencing Act. Why wasn't Morales's imposed in accordance with it? Well, his sentence was imposed before the Fair Sentencing Act was passed. So he was sentenced under the old regime, and that is the difference in these cases. Do you view the resentencing as enough for it to be previously imposed in accordance with the amendments? We do not review, in Mr. Morales's case, we do not view the sentence reduction that he perceived pursuant to 3582C2 based on guidelines changes as sufficient to meet, to bar a further motion under 404C. So, like I said, these questions are analytically distinct and... Are they? I mean, that's the whole point that the other side is arguing here. They've frankly acknowledged in their reply briefs that, you know, in the typical case, there would be a statement, oh, harmless error because this is where we would end up. But this is such a big deal. This First Step Act is a major legislative change, that for it to go unmentioned by the court indicates error of significant magnitude that you can't just wave it away. You've got to say, no, your 3553A way was inaccurate. It was infected, to use their words, because you didn't understand the import of the First Step Act. What's your response to that? What's the response to this is not your typical case? This is ignoring a major legislative act. Well, the record makes clear that Judge Hillman, in denying these motions for further reductions, did understand that the Fair Sentencing Act had changed the statutory penalty. Point us to what you're talking about. Okay, so he does not state that expressly in the opinions. But, for example, if you look in the opinion denying Mr. Vallejo's motion, he addresses the government's position on the argument about covered and non-covered offenses. And he said, because this – and I can look at the exact – this is on page 20 of the appendix. He makes a ruling on whether this – whether Mr. Vallejo's case involved – that the counts were interdependent. So even though this case also involved non-covered offenses, he said that those – that that did not disqualify it for reduction, that argument. So I think that is an implicit acknowledgment that there is at least one covered offense in the sense that the statutory changes. So I guess what you're saying to us is, well, we know he wasn't unaware of the First Step Act. He knew it was out there. He was dealing with it in other contexts. But their argument is he had to deal with it in the 3553A context. When he says things like, there's nothing that you can point to that's changed, they say, well, there's this gigantic thing that's changed. The First Step Act is a big deal. That's changed. And when Congress makes a decision about the seriousness of an offense, to say nothing's changed about the seriousness of your offense, that's just dead wrong. How do you push back on that? Well, I would say that the seriousness of the offense has to do with the facts of the offense and the conduct. And that's true that nothing had changed about the facts of the conduct. And they were still egregious, still incredible quantities of drugs were introduced to Camden by these defendants. And the other thing that I'll say is that the judges are not required to state the statutory penalties in deciding a 3582 motion. The Supreme Court explained in Concepcion that a decision, an order denying a motion for relief under 3582C1B does not need to go point by point for each of the defendant's arguments. And it does not need to be as thorough as a sentence or sentencing or resentencing. And here, there's a very good reason why Judge Hillman did not discuss the statutory penalties in his 3553A analysis. Because they didn't matter. These sentences were always driven by the guidelines. They were always driven by the conduct, by the quantities involved, by the prior drug convictions. So really the... Does it matter that the judge got the guidelines wrong, at least as to Mr. Vallejo? Does that... Usually when a court gets the guidelines wrong, we say, procedural error, you've got to do it again. So I don't believe that he did get the guidelines wrong. His error was in interpreting 404C to mean that because these defendants received reductions in sentence or a new sentence under the guidelines structure that reflected the FSA's changes, that they were ineligible for a further reduction under 404C. But I don't believe that he ever... First error, the earlier error in Vallejo, that didn't bleed through with respect to the guidelines. Everybody's agreed. You've agreed. I don't believe that there... That was wrong. I don't believe that there was ever an error with respect to guidelines for Mr. Vallejo. In fact, the party stipulated to what the guidelines were, and still to this day, Mr. Vallejo does not challenge those guidelines. The error was with the statutory range at count four. And, you know, again, the statutory range had no effect on the 3553A analysis because this was a sentence that was really driven by the stipulated range. It was driven by the sentencing guidelines. And furthermore... Help me out because I may have just misunderstood it. I thought that there was, in fact, a mistake in the pre-sentence report about what the guidelines were. So I... And that that was acknowledged. No? There was a mistake in the pre-sentence report about what the statutory range was for count four. I don't recall, and I apologize if I'm correct. I'm sure my friend will point that out. But I don't recall any error in this case about the guidelines ranges. All right. And, again, these statutory ranges had no effect on the 3553A analysis. They had no effect on the sentences at any point. These defendants were not the ones that, you know... Is it fair to say you deny the possibility of infection? In this case, yes. It's possible in some other case that the type of eligibility error or some factual error at the eligibility step could affect the 3553A analysis, but that is not this case. In this case, the eligibility error was purely about the interpretation of Section 404C, and it did not bleed into the 3553A analysis. There was not an error as to the statutory range at the time that the 3582 motion was decided. There was an error as to one count at the resentencing in 2018, but when Judge Hillman decided this in 2022, the parties... I was about to say adequately, but there was a lot of briefing on these motions, and it was clear that both parties conceded that these defendants were eligible under the First Step Act for a reduction. It was clear that there was a change to the statutory range. And Judge Hillman understood that, and the fact that he did not cite it as a 3553A factor does not constitute error. And his reliance on the guidelines as well was not only not inappropriate and not a continuation of any error from the eligibility step, but it was required under the 3553A factors that he consider what the guidelines range was. So this case really, both of these cases, there is ample discussion of Judge Hillman's exercise of his discretion. It's clear that he understood that he had the discretion, regardless of eligibility, to reduce these sentences, and he exercised that discretion and explained how he was doing so. And this Court should affirm on the 3553A grounds. Okay. Thanks, Ms. Vitilla. Appreciate it. Ms. McGrain, we'll have you back on rebuttal, please. Just going back to Judge Bevis' question quickly, I'm not aware of a single court that has said that someone who got an Amendment 782 reduction was then ineligible under 404C, because 404C doesn't cover Section 8, the guideline amendments to the Fair Sentencing Act, only Sections 2 and 3, the statutory changes. The other thing that I would like to mention is that the focus here seems to be on what the outcome was, that if this goes back, it's going to be the same thing that the judge is going to do because he analyzed the 3553A factors. But the centerpiece, the whole reason that Mr. Vallejo and Mr. Morales were able to even petition for relief was the First Step Act, and it was never acknowledged. Well, when you say it was never acknowledged, that's where I hear your colleague on the other side saying, that's not true. The Court addressed First Step Act issues, and you believe erroneously, and they've even acknowledged in one instance perhaps there was error. But that doesn't mean that the 3553A analysis wasn't adequate under Rita and all the line of cases that come after about how you look at and weigh things and deal with the guidelines and everything else. He exercised his discretion, and it came out where it came out. Done. But it does if, as you were saying, Judge Jordan, that the legal eligibility analysis is cordoned off and completely separate, and now we have this 3553A analysis where the Court says, even putting all of that aside, I would not reduce in this situation. The Court made affirmative statements that belie the idea that he somehow implicitly considered. You pointed to one, and that one is he said nothing has changed with respect to the seriousness of the offense, and we've discussed that. Is there anything else he said that prompts you to say, oh, he blew it, the mistake he was making about 404 made it into the 3553A way? Yes. So we mentioned the seriousness of the offense, and then on page 26 of the record, the Court says that, sorry, on page 27, the Court says, again, the defendant has not otherwise proffered any reasons why his crime should be viewed less seriously than at the time of the original sentence. But we're still talking seriousness of the offense there. Right, which is what the Court primarily relied on in saying under the 3553A factors. In fact, I'm just trying to get this clear. Your infection argument depends on the root of infection, the vector, so to speak, is this statement about seriousness, which you say it has to include an understanding of this major legislative act, and he was ignoring that, therefore infection, therefore error that has to make it go back. Am I missing something in what you're arguing? No. The only other thing is that this Court has said in Hardwick and Jackson that the potential that there was infection is enough. And even if this Court does not find there was actual, the potential that the district court got it wrong is enough to remand. Okay. Thank you. Well, we thank counsel for argument. We've got the case under advisement, and we'll go ahead.